IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO CARRACEDO, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:20-cv-001112-C (BT) |
| § | |
| § | |
| WILLIAM BARR, ET AL., § | |
| Respondents. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Antonio Carracedo, an immigration detainee at Prairieland Detention Center, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order. For the following reasons, the District Court should DISMISS the petition.

I.

On May 5, 2020, the Court sent Petitioner a notice of deficiency and order (ECF No. 1) informing him that his case had been severed into a separate action and he was responsible for paying the filing fee or filing a motion to proceed *in forma pauperis*. The Court also instructed Petitioner that he must file an amended petition stating his individual claims and providing the individual factual basis for relief. The Court directed the Clerk of Court to send Petitioner a form petition for

1

habeas corpus relief under § 2241 and a form application to proceed *in forma pauperis*. Finally, the Court warned Petitioner that failure comply with the Court's order within 30 days could result in a recommendation that this case be dismissed. More than 30 days have passed, and Petitioner has failed to respond to the Court's order or take any action to cure the noted deficiencies.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Petitioner has failed to respond to the Court's notice of deficiency and order. This litigation cannot proceed until Petitioner complies with the Court's instructions and (1) either pays the filing fee or files a motion to proceed *in forma pauperis*, and (2) files an amended petition stating his individual claims and providing the individual factual basis for relief. Because Petitioner has failed to prosecute this action, his petition should be dismissed.

III.

The § 2241 petition should be dismissed without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed July 16, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).